**TROOP, Admr., Plaintiff-Appellee v FREED FIREWORKS CO., Defendant-Appellee; FREED NEWS CO., Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3502. Decided February 27, 1943.

Horace W. Troop, Columbus, for plaintiff-appellee.
Abe Gardner, Springfield, for Freed News Co., defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment against the defendant-appellant dismissing its petition to vacate.

In October, 1939, plaintiff took judgment against the defendants on a cognovit note for $2,000.00 with interest and costs. The note was made payable to W. H. Scorer, in his lifetime, and signed, The Freed Fireworks Company per A. A. Freed, Freed News Company per A. A. Freed.

In June, 1940, Aaron A. Freed and Robert Schneider, partners doing business as the Freed News Company, filed a petition to vacate the foregoing judgment on the ground that the note was executed by Freed News Company by mistake and that it was wholly without consideration. Upon hearing, the judgment was suspended and upon issue drawn the cause came on to be heard. The note was offered in evidence on behalf of the plaintiff and plaintiff rested. Thereupon, defendant, Freed News Company proffered the testimony of Aaron A. Freed and Robert Schneider which testimony, upon motion of counsel for plaintiff, the trial judge refused to admit because

the witnesses were disqualified under §11495 GC. The judgment entry recites:

"That Aaron Freed and Robert Schneider are actual and necessary parties to the action and that as witnesses their interests as officers of the corporation, known as The Freed Fire Works Company, and as partners in the partnership, known as The Freed News Company, can not be divorced. Therefore, they are not competent witnesses and they may not be permitted to testify because of the statutory provision disqualifying them.

"Therefore, there being no competent evidence offered by the defense, the judgment heretofore entered and suspended is ordered reinstated."

There is no dispute that Robert Schneider at the time of the trial was vice-president of the Freed Fire Works Company and a partner in the Freed News Company; that Mr. A. A. Freed at the time the note was given and at the time of the trial was president of the Freed Fire Works Company and a partner in the Freed News Company.

It will be noted that the Freed Fire Works Company, one of the parties defendants against whom the original judgment was taken, was not a party to the proceeding to vacate the judgment, that action being restricted to the Freed News Company.

The appellant in its briefs states its claim as follows:

"It is the position of the defendant-appellant partnership that the officer of the corporation which is not contesting the action could testify as to the facts to their knowledge notwithstanding the fact that the officers were also defendants by reason of the partnership,"

and cite **Milling Company v Bunn, Admx., 75 Oh St, 270,** and **Baker et v Kellogg et, 29 Oh St, 663.**

On the facts appearing, it is clear that the adverse party is an administrator; that both witnesses are partners and according to their petition to open up and answer filed, are the partnership, the Freed News Company, which is not only an adverse party in the form of the proceeding but is in fact adverse in interest.

As the judgment entry recites, the relationship of the witnesses in the two defendant companies can not be divorced. The fact that there are two parties defendants, one of which is seeking no release and interposing no objection to the judgment affects not at all the claim of the other party defendant who is seeking to be relieved

from the effect of the judgment. The status of the witnesses who constitute the defendant-appellant company is the same under §11495 GC as if they had no relationship whatever to the other defendant company, The Freed Fire Works Company.

The witnesses not only come within the letter of §11495 GC, but clearly and distinctively within its spirit because the interests of their company and, therefore, their interests are adverse in fact to the plaintiff.

In **Milling Company v Bunn, supra,** the court held that a general manager of a corporation is not a party within contemplation of R. S. 5242, where the adverse party to the corporation is an executor or an administrator; that he could testify to probative facts occurring before the death of decedent. In the instant case there is no claim that the defendant-appellant is a corporation nor that either witness is but an officer of a corporation adversely affected. Here we have a partnership which the two witnesses constitute. In **Baker et v Kellogg et, supra,** the court permitted one joint maker on a promissory note who had set up no defense, to testify in an action wherein the administrator of the payee of the note was a party plaintiff and the witness was a party defendant with his co-maker. Obviously, the witness who was permitted to testify had no adverse relation in the claim of the administrator against the other individual co-maker of the note. The court in the first syllabus emphasizes the facts that the parties must be adverse in interest and not merely in their nominal status in the case as plaintiffs or defendants to come within the prohibition of the statute.

The court committed no error in refusing to accept the testimony of the witnesses. The judgment will therefore be affirmed.

BARNES, P. J., and GEIGER, J., concur.